UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAY HENDERSON, JR., | NO. CV 17-1489-AG (AGR) |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| DEBBIE ASUNCION, Warden, | |
| Respondent. | |

Petitioner, a state inmate, has filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The court therefore orders Petitioner to show cause on or before **April 3 2017** why the court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

**I.**

**PROCEDURAL BACKGROUND**

On July 5, 2006, Petitioner pleaded no contest in Los Angeles County Superior Court case number SA055687 to various crimes, including robbery and

assault with a deadly weapon. (Petition at 2.) He was sentenced to 22 years in state prison. (Exh. A to Petition.) Petitioner did not appeal.[1]

Over eight years passed. On November 5, 2014, Petitioner filed a habeas petition in the trial court, contending that his plea bargain was invalid. On November 12, 2014, the Superior Court denied the petition. On December 9, 2014, Petitioner filed another habeas petition in the trial court. On December 16, 2014, the court again denied relief. (Petition at 3.)

On June 6, 2016, the Superior Court denied a petition to modify the sentence pursuant to Cal. Penal Code § 1170(d). (Exh. C to Petition.)

On June 20, 2016, Petitioner filed a state habeas petition in the California Court of Appeal, which denied relief on July 7, 2016. (Exh. D to Petition.) The Court takes judicial notice of records in the state's Appellate Courts Case Information database indicating that Petitioner filed a state habeas petition in the California Supreme Court on August 15, 2016. The Court denied relief on October 12, 2016 with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998). *In re Henderson*, 2016 Cal. LEXIS 8645 (Oct. 12, 2016).

On February 13, 2017, Petitioner constructively filed the Petition in this court.

## II.
## STATUTE OF LIMITATIONS

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a

---

[1] Petitioner indicates on the form petition that he appealed, but the California Court of Appeal case that he cites was a habeas action, not an appeal. (*See* Petition at 2-3 & Exh. D.)

2

judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A.  The Date on Which Conviction Became Final – § 2244(d)(1)(A)

Petitioner was sentenced pursuant to his plea of no contest on July 5, 2006 and did not appeal. (Exh. A to Petition.)  Petitioner's conviction became final on Tuesday, September 5, 2006, when his 60-day period to file a notice of appeal and request for a certificate of probable cause expired.[2]  *See* California Rule of Court 31(d) (repealed); *People v. Buttram*, 30 Cal. 4th 773, 781 n.5 (2003) (quoting rule); *see also* California Rule of Court 8.304(a)(1), 8.308(a).  Absent tolling, the statute of limitations expired one year later on September 5, 2007.

#### 1.  Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  Petitioner is not entitled to statutory tolling because he filed his first state habeas petition on or about November 5, 2014, over seven years after the statute of limitations expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

#### 2.  Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 634 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is

---

[2] The 60-day period ended on Sunday, September 3, 2006, and the following day was Labor Day, a legal holiday. The next court day was Tuesday, September 5, 2006. *See* Fed. R. Civ. P. 6(a)(1)(c), 6(a)(6).

3

'reasonable diligence,' not 'maximum feasible diligence.'" *Id.* at 653 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time"' and '"the extraordinary circumstances" were the cause of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

**B.     Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)**

The statute of limitations may also start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim. 28 U.S.C. § 2244(d)(1)(D). The time starts to run when the petitioner knows or through diligence could discover the factual predicate, not when the petitioner realizes their legal significance. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

Petitioner claims that (1) his sentence was unauthorized and excessive in violation of the Eighth Amendment, and (2) his trial counsel was ineffective for failing "to adequately investigate all defenses, all facts of the case, all laws relating to petitioner's case, and challenge the factors supporting the impose[d] sentence." (Petition at 5.) All of the predicate facts for Petitioner's claims were known or through diligence could be discovered before his conviction became final. The Petition remains time barred.

4

## III.

## <u>ORDER TO SHOW CAUSE</u>

IT IS THEREFORE ORDERED that on or before *April 3, 2017,* Petitioner shall show cause why the court should not recommend dismissal of the petition based on expiration of the one-year statute of limitations.

**If Petitioner fails to respond to this order to show cause by April 3, 2017, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations**.

DATED: March 2, 2017

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge

5