# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAY HENDERSON, JR., <br><br> Petitioner, <br><br> v. <br><br> DEBBIE ASCUNCION, Warden, <br><br> Respondent. | NO. CV 17-1489-AG (AGR) <br><br> FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Andrew J. Guilford, United States District Court Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends that the Petition for Writ of Habeas Corpus be denied.

**I.**

## **SUMMARY OF PROCEEDINGS**

On July 5, 2006, Petitioner pleaded no contest in Los Angeles County Superior Court case number SA055687 to one count of robbery, one count of assault with a semi-automatic firearm and one count of being a felon in possession of a firearm. (Lodged Document ("LD") 1 at 1, 5.) He was sentenced to a total of 22 years in prison consisting of the mid-term of 9 years for assault with a semi-automatic firearm plus 10 years for a firearm enhancement, one-third the mid-term of 16 months for robbery, one-third the mid-term of 8 months for felon in possession and 1 year based on Cal. Penal Code § 667.5(b). (*Id.* at 5-6.) The remaining six counts were dismissed pursuant to the plea agreement. (*Id.* at 6.) Petitioner did not appeal.[1]

Over eight years passed. On November 5, 2014, Petitioner states that he filed a habeas petition in the trial court, contending that his plea bargain was invalid. On November 12, 2014, the Superior Court denied the petition. On December 9, 2014, Petitioner filed another habeas petition in the trial court. On December 16, 2014, the court again denied relief. (Petition at 3.) The court docket indicates that the denials, or "judicial actions," may have occurred on January 23, 2015 and September 9, 2015, respectively. (LD 2 at 3.)

On June 6, 2016, the Superior Court denied a petition to modify the sentence pursuant to Cal. Penal Code § 1170(d). (Exh. C to Petition; LD 2 at 3.)

On June 14, 2016, Petitioner constructively filed a state habeas petition in the California Court of Appeal, which denied relief on July 7, 2016. (LD 4; LD 5 at 40.) On August 10, 2016, Petitioner constructively filed a state habeas petition in the California Supreme Court. (LD 5 at 23.) The Court denied relief on October

---

[1] Petitioner indicates on the form petition that he appealed, but the California Court of Appeal case that he cites was a habeas action, not an appeal. (*See* Petition at 2-3 & Exh. D.)

2

12, 2016 with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998). (LD 6); *In re Henderson*, 2016 Cal. LEXIS 8645 (Oct. 12, 2016).

On February 8, 2017, Petitioner constructively filed a Petition for Writ of Habeas Corpus in this court. The petition raised two grounds: (1) the trial court erred in sentencing; and (2) Petitioner's retained counsel failed to adequately investigate all defenses and prepare for sentencing.

On March 2, 2017, the court issued an order to show cause why the court should not recommend dismissal based on expiration of the one-year statute of limitations. Petitioner filed a response on April 3, 2017. On April 7, 2017, this court issued a report and recommendation that recommended the petition be denied as untimely. On May 4, 2017, Petitioner filed objections that appeared to raise a different ground for relief. On May 24, 2017, the court issued an order that permitted Petitioner to file an amended petition containing all of his grounds for relief. (Dkt. No. 12.)

On June 15, 2017, Petitioner filed the First Amended Petition for Writ of Habeas Corpus ("FAP") and raised three grounds for relief. On August 15, 2017, Respondent filed a motion to dismiss the FAP as untimely. On September 21, 2017, Petitioner filed an opposition. The matter was taken under submission.

## II.

## **STATUTE OF LIMITATIONS**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. §

2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The only subdivision relevant here is (d)(1)(A).

**A.     Date the Conviction Became Final**

Petitioner was sentenced pursuant to his plea of no contest on July 5, 2006 and did not appeal. (Exh. A to Petition.)   Petitioner's conviction became final on Tuesday, September 5, 2006, when his 60-day period to file a notice of appeal and request for a certificate of probable cause expired.[2]  *See* California Rule of Court 31(d) (repealed); *People v. Buttram*, 30 Cal. 4th 773, 781 n.5 (2003) (quoting rule); *see also* California Rule of Court 8.304(a)(1), 8.308(a).  Absent tolling, the statute of limitations expired one year later on September 5, 2007.

**1.     Statutory Tolling**

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  Petitioner is not entitled to statutory tolling because he constructively filed his first state habeas petition on or about November 5, 2014, over seven years after the statute of limitations expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).  The petition is time-barred.

**B.     Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)**

The statute of limitations may start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim.  28 U.S.C. § 2244(d)(1)(D).  The time starts to run when the petitioner knows or through diligence could discover the factual predicate, not when the petitioner realizes their legal significance. *Ford v. Gonzalez,* 683 F.3d 1230, 1235 (9th Cir. 2012) ("The 'due diligence' clock starts ticking when a person knows or through diligence

---

[2] The 60-day period ended on Sunday, September 3, 2006, and the following day was Labor Day, a legal holiday.  The next court day was Tuesday, September 5, 2006.  *See* Fed. R. Civ. P. 6(a)(1)(c), 6(a)(6).

4

1 could discover the vital facts, regardless of when their legal significance is actually
2 discovered."); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (same).

Petitioner's claims are that: (1) his sentence violates state sentencing statutes, (2) his counsel was ineffective in failing to investigate and prepare for sentencing, failing to investigate defenses and facts, and failing to file a direct appeal. and (3) his sentence breached the plea agreement in failing to follow California statutes and rules of court.[3] (FAP at 5-11[4].) Respondent is correct that the third ground for relief is unexhausted because, as the FAP concedes, it was not presented to the California Supreme Court. (FAP at 11.)

The record reflects that Petitioner was present at his plea and sentencing hearing. (LD 1 at 4-6.) Petitioner contends that the trial court failed to follow California law in sentencing him. (Opp. at 2-9; *Id.* at 11 ("the trial court err[]ed when sentencing petitioner and failed to follow all rules, penal codes, and provisions relating to sentencing petitioner"). The predicate facts for Petitioner's claims, including the factual basis for Petitioner's claim that he received an illegal sentence under California law that breached the plea agreement, were known or through diligence could have been discovered at the plea hearing and before his conviction became final. *Ford*, 683 F.3d at 1236; *Nichols v. Fresno Court*, 2012 U.S. Dist. LEXIS 159859, *11-*12 (E.D. Cal. Nov. 6, 2012) ("limitations period begins to run on the date the petitioner learned of the breach or reasonably could have discovered the breach through the exercise of due diligence"). The factual predicate of Petitioner's complaints about his counsel's investigation, preparation and performance at the plea and sentencing hearing similarly were known or through diligence could have been discovered no later than the plea and

---

[3] Petitioner's opposition adds a claim that his sentence violated the Eighth Amendment's prohibition on cruel and unusual punishment. (Opp. at 8-9.)

[4] Page citations are to the page numbers assigned by the CM/ECF system in the header.

5

sentencing hearing itself. (Opp. at 9-10; *Id.* at 12 (had counsel been effective, "all the herein errors and violations would've not been made").) To the extent Petitioner complains that counsel should have appealed the unlawful sentence, Petitioner knew or through diligence could have discovered that fact no later than the date his conviction became final, when the time for filing the required documents had expired.[5]

Petitioner argues that "there is no time limitations" for his claims. (Opp. at 16.) He is incorrect. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

The Petition remains time barred.

## C. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 634 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Id.* at 653 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time"' and '"the extraordinary

---

[5] There is no right to appeal a judgment of conviction upon a plea of nolo contendere absent (1) a defendant's filed written statement showing reasonable constitutional, jurisdiction or other grounds going to the legality of the proceedings; and (2) a trial court's issuance of a certificate of probable cause. Cal. Penal Code § 1237.5. The court construes Petitioner's subclaim as a contention that counsel should have filed a statement of reasonable grounds for appeal within the 60-day period.

1 | circumstances" were the cause of [the prisoner's] untimeliness.'" *Bills v. Clark*,
2 | 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphases in original).

Petitioner does not argue that he is entitled to equitable tolling, and the court finds no basis for equitable tolling in the record. The Petition is untimely.

## V.

## **RECOMMENDATION**

For the reasons discussed above, it is recommended that the district court issue an order (1) accepting this Report's findings and recommendation; (2) granting Respondent's motion to dismiss; and (3) directing that judgment be entered denying the First Amended Petition for Writ of Habeas Corpus and dismissing this action with prejudice.

DATED: November 1, 2017

_____
ALICIA G. ROSENBERG
United States Magistrate Judge